# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CARL DUTTON and KATHRYN A. DUTTON, )
husband and wife, )
)
Plaintiffs, )
)
v. ) No. CIV-13-66-D
)
MERIT ENERGY COMPANY, LLC, )
a Delaware limited liability company, )
)
Defendant. )

## ORDER

Before the Court is Defendant's Amended Motion and Supporting Brief for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages [Doc. No. 56]. Plaintiff has filed a response [Doc. No. 63] and a supplement to the response [Doc. No. 81]. The matter is fully briefed and at issue.

Plaintiffs have brought claims for relief against Defendant, Merit Energy Company, LLC, for private and public nuisance, trespass, unjust enrichment and breach of contract. In addition to compensatory damages, Plaintiffs seek to recover punitive damages on grounds Defendant's actions were intentional and malicious or were in reckless disregard of their rights.

Plaintiffs allege injury to their property, located in Garvin County, Oklahoma, as a result of Defendant's oil and gas operations. Plaintiffs contend Defendant "discharged and released oil, gas, saltwater, and other deleterious substances from its wells and/or pipelines on Plaintiffs' Property." *See* Petition [Doc. No. 1-3] at pp. 2-3, ¶ 15.[1]

---

[1] Plaintiffs instituted this action by filing a petition in state court. Defendant later removed the action to federal court based on diversity jurisdiction.

Defendant admits to at least five "accidental discharges" that occurred over a period of approximately 17 months, from September 27, 2011 through March 12, 2013. Nonetheless, Defendant contends it conducted regular inspections, acted promptly to rectify any reported leaks on Plaintiffs' property, and undertook a remediation program to repair any leaks and provide any necessary clean-up on the property. Therefore, Defendant seeks partial summary judgment on Plaintiffs' claim for punitive damages.

## **Standard Governing Summary Judgment**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). In making this determination, the Court must view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the party opposing summary judgment. *Garrison v. Gambro, Inc.,* 428 F.3d 933, 935 (10th Cir. 2005).

Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is not the responsibility of the summary judgment movant to disprove the plaintiff's claim; rather, the movant need only point to "a lack of evidence for the nonmovant on an essential element" of the claim. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir.1998). The burden then shifts to the nonmovant to "go beyond the pleadings and 'set forth

specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id*. (citations omitted).

**Undisputed Facts**

The parties do not dispute that at least five discharges and/or leaks have occurred on Plaintiffs' property as a result of Defendant's operations and that those incidents have required Defendant to undertake clean-up efforts. The parties do not dispute that Defendant has, in fact, undertaken clean-up efforts. And, the parties do not dispute that further remediation of Plaintiffs' property is required, as opined by both Plaintiffs' expert and Defendant's expert.

**Additional Disputed Facts**

Plaintiffs contend additional discharges and/or leaks have occurred and the conduct at issue is, therefore, not limited to the five discharges and/or leaks identified in Defendant's Motion. *See* Plaintiffs' Response, Oklahoma Corporation Commission Incident and Complaint Investigation Report [Doc. No. 63-3].[2] The parties dispute the extent to which further remediation of the subject property is required, relying on the opinions of their respective experts. *See* Defendant's Motion, Expert Opinions of Lloyd E. Duehl, Jr. [Doc. No. 56-4] and Plaintiffs' Response, Expert Report of Jerry J. Black [Doc. No. 63-6].[3]

The parties also provide competing, albeit conclusory testimony, to support and refute whether Defendant has conducted proper inspection and maintenance of its equipment and

---

[2]Plaintiffs further submit photographs of alleged additional damage to the property. *See* Photographs [Doc. Nos. 63-12, 63-13 and 63-14]. The photographs are submitted without any foundation or authentication.

[3]Plaintiffs also submitted a Supplemental Report of Jerry J. Black [Doc. No. 63-4]. Defendant has filed a Motion in Limine [Doc. No. 75] as to this supplemental report, and seeks to prevent its use at trial contending it is untimely. Resolution of that issue is not necessary for purposes of the summary judgment analysis set forth herein.

operations on the subject property. Defendant relies on the affidavit of its employee, Clay Munger, as support for its position that it has conducted proper inspections and maintenance. In his affidavit, Munger identifies his position with Merit as "Operations Manager" of the Lindsay, Oklahoma office. *See* Munger Affidavit, ¶ 1 [Doc. No. 56-1]. He states that inspection of the subject wells and the tank battery involved in the five undisputed occurrences are performed daily "by a pumper hired by Merit for each location" and that "maintenance and repairs are scheduled and performed in a timely manner." *See id.*, ¶ 4. Defendant does not offer the affidavit of the "pumper" or provide any documentary evidence to support Munger's statements.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, where an affidavit is used in support of a motion for summary judgment the affidavit must show that the affiant "is competent to testify on the matters stated." The Court notes that Munger's affidavit does not set forth a description of his job duties as Operations Manager. Nor does Munger state in that affidavit the basis for his personal knowledge regarding the timely performance of maintenance and repairs. It does not appear, therefore, that the affidavit sufficiently demonstrates Munger is competent to testify as to the matters in the affidavit upon which Defendant relies. Moreover, the Court need not consider wholly conclusory statements like those contained in Munger's affidavit. *See, e.g., Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1143 (10th Cir. 2005) (affidavit containing conclusory allegations without specific supporting facts was insufficient to support summary judgment on any claims).

Moreover, Plaintiffs contend Munger's deposition testimony refutes many of the statements set forth in his affidavit. For example, Munger testified that he did not personally conduct inspections and would only know about leaks if they were reported to him by others. *See* Munger

4

Deposition [Doc. No. 81-1] at 123:20-124:7. Plaintiffs also cite deposition testimony of Mr. Munger that he did not know whether inspection forms required by federal regulations and regarding Merit's operations were completed by Defendant. *See* Munger Deposition at 41:15-44:17 and 51:12-62:12. Plaintiffs further rely upon deposition testimony of Bill Logan to support their position that maintenance was not performed on certain pipelines on the subject property. *See* Logan Deposition [Doc. No. 81-2] at 54:1-56:2.

Plaintiffs also submit evidence that Defendant did not always report occurrences to Plaintiffs and that Defendant only commenced clean-up efforts after this lawsuit was filed. *See* Dutton Deposition [Doc. No. 63-8] at 63:13-22 and 64:14-65:10.

In addition, Plaintiffs submit evidence that Defendant generally knew about the dangers to persons, livestock and property that could be caused by the oil and saltwater produced in its operations. *See* Munger Deposition at 31:6-39:2. Finally, as set forth above, Plaintiffs offer some evidence tending to show that Defendant has not complied with federal and state regulations in conducting its operations by failing to complete certain reporting requirements. *See also* Munger Deposition at 47:21-64:10; Logan Deposition at 22:12-27:21.[4]

Defendant did not file a reply and, therefore, has not addressed any of the additional evidence submitted by Plaintiffs.

## **Discussion**

In this diversity action, the claims at issue are governed by the substantive law of the forum state – here, Oklahoma. *Macon v. United Parcel Service, Inc.*, 743 F.3d 708, 713 (10th Cir. 2014).

---

[4]Plaintiffs have not sufficiently identified the regulations so as to allow the Court to meaningfully review whether Defendant, in fact, may have acted in violation of those regulations and any determination of that issue is not before the Court.

Plaintiffs seek punitive damages pursuant to Okla. Stat. tit. 23, § 9.1 which allows such a recovery where the jury finds by "clear and convincing evidence" that "the defendant has been guilty of reckless disregard for the rights of others." *Id.*

This Court must "review the summary judgment issue bearing in mind the heightened evidentiary standard for a [punitive damage] claim under Oklahoma law." *North Texas Production Credit Ass'n. v. McCurtain County Nat. Bank*, 222 F.3d 800, 815 (10th Cir. 2000) (addressing heightened evidentiary standard for civil conspiracy claim). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("[T]he inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits.").

The Oklahoma Supreme Court has interpreted § 9.1 to require evidence of "reckless disregard toward another's rights from which malice and evil intent may be inferred." *Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1106 (Okla. 2005). A person acts with reckless disregard of the rights of others if he is aware of a "substantial and unnecessary risk that his conduct would cause serious harm to others." *Therrien v. Target Corp.,* 617 F.3d 1242, 1259 (10th Cir.2010) (applying Oklahoma law) (quotation omitted). Under this standard, a plaintiff must establish that the defendant's conduct "created a high probability of serious harm to another person." *Id.*

Plaintiffs rely upon *Sunray DX Oil Co. v. Brown*, 477 P.2d 67 (Okla. 1970) as factually analogous and supporting their claim for punitive damages. In *Sunray*, saltwater leaked from defendants' pipelines thirty-one times over a two-year period. Over one-half of those leaks occurred on two small sections of the pipeline. The leaks were either promptly discovered by the defendant or, when reported to the defendant by the landowners, the defendant promptly repaired the pipeline.

6

Nonetheless, the court upheld an award of punitive damages to the landowners finding the defendants acted with sufficient recklessness. *Id*. at 71. The court determined the defendants should have replaced the pipelines instead of continuing to repair the pipelines when those repairs proved to be ineffective. *Id*.

Plaintiffs also rely upon *Nichols v. Burk Royalty Co.*, 576 P.2d 317 (Okla. Civ. App. 1977). There, the court upheld an award of punitive damages where saltwater pollution caused by oil and gas operations occurred for about ten years on the plaintiffs' property. The defendants knew the pollution resulted from rusted-out pipes and holding tanks that it continued to repair. The defendants' conduct showed that they "knew their lines and tanks were not of sufficient quality to protect plaintiffs' land from leaks and larger discharges, and yet for nearly a decade, they were content to make post-spill repair rather than pre-pollution replacement." *Id*. at 322. Such conduct, the court held, demonstrates "a reckless and aggravating disregard for the rights of plaintiffs and an indifference regarding the fertility of their soil." *Id*.

Finally Plaintiffs rely upon *Marshall v. El Paso Natural Gas Co.*, 874 F.2d 1373, 1383 (10th Cir. 1989). In *Marshall*, the plaintiffs sought to recover punitive damages as a result of damage to their property from the defendant's drilling operations. Aspects of those drilling operations violated rules and regulations of the Oklahoma Corporation Commission. Those violations served, in part, as evidence the court found to be sufficient to submit the issue of punitive damages to the jury. *Id*. at 1384.[5]

---

[5]The Court notes that in *Sunray* and *Nichols*, the issue of punitive damages was submitted to the jury upon a "preponderance of the evidence" standard. In *Marshall*, the issue of punitive damages was submitted to the jury based upon the court's preliminary determination that there was clear and convincing evidence that the defendant's actions merited punitive damages. *See Marshall v. El Paso Natural Gas Co*., 874 F.2d 1373, 1383 (10th Cir. 1989) (addressing amendments in 1986 to Oklahoma's punitive damage statute).

7

Here, whether Defendants failed to replace equipment they knew to be faulty, or legitimately relied upon the repairs made to remedy the leaks and discharges that undisputably occurred, is not directly addressed by the parties or borne out by the current record before the Court. But as the cited case law establishes, the mere fact that Defendants made repairs, conducted inspections and/or remediated the property is insufficient to negate Plaintiffs' claim for punitive damages. Defendant relies on this evidence alone as grounds for summary judgment. And Plaintiffs have presented evidence that refutes whether the repairs, inspections and/or remediation have been proper and timely. Plaintiffs also submit additional evidence that Defendant may have failed to comply with certain regulations and that Defendant is generally aware of the risk of harm of any pollution caused by its operations. Therefore, based on the current record before the Court, Defendant is not entitled to summary judgment on Plaintiffs' claim for punitive damages.

Due to the heightened burden of proof required, the Court entertains some doubt as to whether the issue of punitive damages will ultimately remain for the jury. At this time, however, the Court DENIES Defendant's Motion. The issue does not impact a claim or defense, but goes only to available relief. Viewing the evidence in the light most favorable to Plaintiffs, genuine disputes of material fact suggest at least an arguable basis for the recovery of punitive damages.

## **Conclusion**

For the reasons stated above, genuine disputes of material fact preclude summary judgment on Plaintiffs' claim for punitive damages against Defendant.

IT IS THEREFORE ORDERED that Defendant's Amended Motion and Supporting Brief for Partial Summary Judgment on Plaintiffs' Claim for Punitive Damages [Doc. No. 56] is DENIED.

IT IS SO ORDERED this 16th day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE